[18 NYS3d 545]

In the Matter of CRAIG AUSTEN HECHT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 4, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On March 5, 2014, the respondent pleaded guilty in the Supreme Court, Suffolk County, to two counts of residential mortgage fraud in the second degree, a class C felony, in violation of Penal Law § 187.20, and one count of scheming to defraud in the first degree, a class E felony, in violation of Penal Law § 190.65 (1) (b). The respondent admitted that: between October 1, 2007 and March 5, 2009, as a principal in a title agency, he provided multiple false title reports for real estate closings by misrepresenting the dates on which the sellers purchased the subject properties; between November 17, 2008 and December 29, 2008, he prepared and distributed a false title report with respect to the underwriting or closing of a residential mortgage, as a result of which he and others received proceeds in excess of $50,000; between December 8, 2008 and March 5, 2009, he prepared and distributed a materially false title report with respect to the underwriting or closing of a residential mortgage loan, as a result of which he and others received proceeds in excess of $50,000; and between October 1, 2007 and September 29, 2008, he engaged in a systematic course of conduct to obtain mortgage loan proceeds from financial institutions using materially false paperwork, in the course of which, personally and acting in concert with others, he obtained property with a value in excess of $1,000.

The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) based upon his felony convictions. The respondent has neither opposed the Grievance Committee's motion nor submitted any papers in response.

Pursuant to Judiciary Law § 90 (4) (a), the respondent was automatically disbarred and ceased to be an attorney upon his conviction of a felony.

Accordingly, the motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, pursuant to Judiciary Law § 90 (4) (b), to reflect the respondent's automatic disbarment as of March 5, 2014.

Eng, P.J., Mastro, Dillon, Balkin and Maltese, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Craig Austen Hecht, is disbarred, effective March

5, 2014, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Craig Austen Hecht, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Craig Austen Hecht, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Craig Austen Hecht, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).